



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 4, 1939

Hon. R.S. Wyche, County Auditor
Gregg County
Longview, Texas

Dear Mr. Wyche:

Opinion No. O-140
Re: De Facto Officer.

Your request for an opinion on the following question:

"Whether a man is a de facto officer when he has been deputized by the constable of a precinct but whose appointment has not been approved by the Commissioners' Court?

"Whether Commissioners' Court has authority to pay for his services after county auditor's approval?"

has been received by this office.

Article 6879a, Revised Civil Statutes reads as follows:

Section I. "The duly elected Constable in each Justice Precinct having a city or town of less than eight thousand (8,000) population according to the preceding Federal Census may appoint one (1) Deputy and no more; and each Justice Precinct having a city or town of eight thousand (8,000) and less than forty thousand (40,000) population according to the preceding Federal Census may appoint two (2) Deputies and no more; and in each Justice Precinct having a town or city

of forty thousand (40,000) population or
more according to the preceding Federal Cen-
sus may appoint five (5) Deputies and no more,
and each and every instance said Deputy Con-
stables shall qualify as required of Deputy
Sheriffs.

Section 2. "When the Constable in each
and every instance named and described in the
preceding section of this Act shall desire
to make appointment of a Deputy or Deputies,
as to case may be, said Constable shall first
make written application to the Commissioners'
Court of his County showing that it is neces-
sary for such Constable to have the Deputy or
Deputies requested in order to properly handle
the business of his office originating in the
Precinct in which such Constable has been e-
lected, giving the name of each proposed ap-
pointee; and if the Commissioners' Court shall
find that the Constable is in need of the Dep-
uty or Deputies requested to handle the busi-
ness originating in his Precinct, then and in
that event, and in that event only, the Com-
missioners' Court shall approve and confirm
the appointment of the Deputy or Deputies pro-
vided by this Act.

Section 3. "Any person who serves as
a Deputy Constable without the provisions here-
of having been complied with relative to his
appointment or any Constable who issues a Dep-
utyship without the consent and approval of
the Commissioners' Court shall be fined not
less than Fifty Dollars ($50.00) nor more than
One Thousand Dollars ($1,000.00)."

American Law Reports, Vol. 93, p. 269, states
that:

"Some authorities have expressly held



that the fact there is no de jure officer
does not change the general rule that a de
facto officer cannot recover the emoluments
of the office so as to enable him to recov-
er for his services, at least where he knows
that his right to office is disputed."

Citing Beams vs West Frankfust, 233 Ill. 479;
Eubanks vs Montgomery County, 105 S.W. 418. Also citing
many other authorities which we do not deem necessary to
mention here.

"The mere assumption of the office by
performance of one of even several acts ap-
propriate to it without any recognition by
the appointive power may not be sufficient
to constitute one a de facto officer and it
has been held that a person whose only claim
to office is under appointment which is void
and not merely irregular and informal is not
a de facto officer, but a mere intruder."

Tex. Jur., Vol. 34, p. 617, Sec. 163. Bin-
count vs Parker, 27 Tex. 558; Murray vs State,
48 Crim. Reports, 219, 87 S.W. 349.

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this de-
partment that the evident purpose of Article 6879a is to
prohibit any person from claiming to be a de facto deputy
constable. The Legislature must have had in mind an ex-
isting evil when this law, containing penal features, was
passed. Therefore, facts, which might ordinarily consti-
tute one a de facto officer, have no application here
and the deputy mentioned in your letter is not a de facto
officer and the Commissioners' Court has no authority to
pay him for his service upon approval of his claim by the
auditor.

Trusting that the foregoing answers your in-

Hon. R.S. Wyche, February 4, 1939, Page 4

quiry, I remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell William*
Assistant

AW:ob

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS.